

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# SOUTHERN DIVISION



* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| MICHAEL M. FIEGEN and<br>KATHLEEN M. FIEGEN,<br><br>Plaintiffs,<br><br><br>STONEGATE MEADOWS, LLC and<br>WESLEY W. MORGAN, individually, and<br>BILLY C. VAUGHN, individually, and<br>KEYBANK NATIONAL ASSOCIATION,<br><br>Defendants. | CIV. *04-4155*<br><br><br><br>COMPLAINT |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PARTIES AND JURISDICTION

1.  Plaintiff, Michael M. Fiegen, at all times pertinent to this litigation, was a citizen of Lincoln County, South Dakota.

2.  Plaintiff, Kathleen M. Fiegen, at all times pertinent to this litigation, was a citizen of Lincoln County, South Dakota.

3.  Defendant, Stonegate Meadows, LLC, was at all times pertinent to this litigation, a Tennessee limited liability company.

4.  Defendant, Wesley W. Morgan, at all times pertinent to this litigation, was a citizen of the State of Ohio.

5.  Defendant, Billy C. Vaughn, at all times pertinent to this litigation was a citizen of the State of Ohio.

6.  Defendant, Keybank National Association, a national banking association, with offices at 88 East Broad Street, Columbus, Ohio.

7.      The jurisdiction of this Court arises under 28 U.S.C. & 1332, this being a civil action where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and cost, and is among citizens of different states.

## COUNT I

## VIOLATION OF SOUTH DAKOTA UNIFORM SECUTITIES ACT

8.      Paragraphs 1 through 7 are hereby incorporated herein as if set out in full.

9.      That on or about May, 1998, Stonegate Meadows, LLC, was registered with the State of Tennessee Secretary of State.

10.     That on or about February, 1999, plaintiff Michael M. Fiegen received for his review, financial information pertaining to his Stonegate Meadows, LLC, investment; said information was received and reviewed by plaintiff Michael M. Fiegen in South Dakota.

11.     That the information received and reviewed by plaintiff Michael M. Fiegen was a security under the South Dakota Securities Act of and at no time had said documents been classified as exempt under the South Dakota Securities Act.

12.     That neither preceding plaintiff Michael M. Fiegen's investment in Stonegate Meadows, LLC, nor during the negotiation for plaintiff Michael M. Fiegen's investment in Stonegate Meadows, LLC, did defendant Stonegate Meadows, LLC, nor defendants Morgan or Vaughn, or any other person on defendant's behalf procure an express or implied authorization from the South Dakota Securities Commission, Pierre, South Dakota to sell the above described security in South Dakota.

13.     That at no time did defendant Stonegate Meadows, LLC, nor defendants Morgan or Vaughn or anyone on defendants' behalf comply with the requirements of the South Dakota Securities Act, or the regulations promulgated under thereunder with respect to the sale or offering for sale of the above described security, by filing in the office of the

South Dakota Securities Commission, Pierre, South Dakota, any statements or documents required by the Act.

**COUNT II**

**MISREPRESENTATION**

14.   Paragraph 1 through 13 are hereby incorporated as if set out in full.

15.   That prior to February, 1999, defendants Vaughn and Morgan solicited plaintiff Michael M. Fiegen to invest cash in Stonegate Meadows, LLC, wherein said Vaughn and Morgan either knew or should have known that Stonegate Meadows, LLC, was financially insolvent at the time they solicited cash from plaintiff Michael M. Fiegen.

16.   That at a meeting of Stonegate Meadows, LLC on February 15, 1999, plaintiff Michael M. Fiegen, contributed cash in the amount of $250,000 and became a 12.5% equity owner in Stonegate Meadows, LLC.

17.   That at the time plaintiff Michael M. Fiegen contributed $250,000.00 to Stonegate Meadows, LLC, Vaughn and Morgan either knew or should have known that Stonegate Meadows, LLC was insolvent and that the financial information provided to plaintiff Michael M. Fiegen and relied upon by plaintiff, Michael M. Fiegen, to assist him in making his investment decision was inadequate, misleading, incomplete and inaccurate.

18.   That defendant Morgan represented to plaintiffs that he would  build the Stonegate Meadows apartments for cost and would not charge Stonegate Meadows, LLC a contractor's fee; wherein said waiver of his contractor's fee would constitute defendant Morgan's equity contribution to Stonegate Meadows, LLC.

19.   That defendant Morgan failed to keep an accounting of his waiver of his contractor's fee and that defendant Morgan knew or should have known that he would not waive his contractor's fee.

3

20.    That defendant Vaughn represented to plaintiffs that he would donate a parcel of real
       estate to Stonegate Meadows, LLC and said donation would constitute defendant
       Vaughn's equity contribution to Stonegate Meadows, LLC.

21.    That defendant Vaughn failed to follow through on his representation and, instead,
       claimed that the land donation to Stonegate Meadows, LLC was a sale, and only after
       extensive litigation was defendant Vaughn forced to honor his representation.

## COUNT III

## LACK OF CONSIDERATION ON PERSONAL GUARANTY

22.    Paragraphs 1 through 21 are hereby incorporated herein as if set out in full.

23.    That subsequent to the February 15, 1999, Stonegate Meadows, LLC meeting, defendant
       Keybank National Association, requested, through Stonegate Meadows, LLC and Steve
       Contini, that plaintiffs individually sign an Unconditional Guaranty of Payment and
       Performance.

24.    That when defendant Keybank National Association, requested plaintiffs sign
       Unconditional Guaranty of Payment and Performance documents, defendant Keybank
       National Association either knew or should have known that Stonegate Meadows, LLC
       was insolvent and defendant Keybank National Association failed to undertake due
       diligence in allowing the loan to Stonegate Meadows, LLC to issue when it knew or
       should have known that business plan put forth by Stonegate Meadows, LLC was
       irreparably defective.

25.    That Plaintiffs Michael M. Fiegen and Kathleen M. Fiegen executed the Unconditional
       Guaranty of Payment and Performance documents in South Dakota.

26.    That neither plaintiff Michael M. Fiegen or Kathleen M. Fiegen, agreed that in exchange

4

for investment in Stonegate Meadows, LLC, would they have to sign an Unconditional Guaranty of Payment and Performance.

27.   That plaintiff Kathleen M. Fiegen was not nor ever has been an equity owner in Stonegate Meadows, LLC and therefore received no consideration for executing the Unconditional Guaranty of Payment and Performance.

**COUNT IV**

**BREACH OF CONTRACT**

28.   Paragraphs 1 through 27 are hereby incorporated herein as if set out in full.

29.   That defendant Morgan entered into a construction contract with Stonegate Meadows, LLC to construct an apartment building.

30.   That defendant Morgan did build an apartment building for Stonegate Meadows, LLC but the quality of construction of the Stonegate Meadows apartment was poor and far below community standards and the standards set forth in the contract thereby resulting in a grossly inferior investment product for plaintiffs, and rendering the apartment building almost impossible to cash flow.

WHEREFORE, Plaintiffs pray as follows:

1.   That the Unconditional Guaranty of Payment and Performance be declared null and void for lack of consideration pursuant to SDCL 56-1-3.

2.   That the Unconditional Guaranty of Payment and Performance be declared null and void in that the guaranty agreement is not enforceable because the underlying obligation upon which the guaranty is based is void.

3.   That the investment plaintiff Michael M. Fiegen made ($250,000.00) be declared null and void in that the security sold violated the applicable provisions of the South Dakota Uniform Securities Act.

4. That the investment plaintiff Michael M. Fiegen made ($250,000.00) in defendant Stonegate Meadows, LLC be declared null and void in that said investment was secured by misrepresentation to invest in an insolvent company and said amount be returned to plaintiffs along with statutory interest and all other damages directly or approximately caused by the acts of defendants.

5. For any other relief in law or equity application but not prayed for, including **punitive** damages.

Dated this _____ day of October, 2004.

CHRISTENSON LAW OFFICE, P.C.

Robert A. Christenson
311 East 14ᵗʰ Street
Sioux Falls, SD 57105
(605) 332-1200

## DEMAND FOR JURY TRIAL

**Plaintiffs demand a trial by jury.**

Robert A. Christenson

6