

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MICHAEL M. FIEGEN and<br>KATHLEEN M. FIEGEN, | \* <br> \* <br> \* | CIV. 04-4155 |
| Plaintiffs, | \* <br> \* | |
| v. | \* <br> \* | MEMORANDUM OPINION<br>AND ORDER RE: |
| WESLEY W. MORGAN, INDIVIDUALLY,<br>and WES MORGAN CONSTRUCTION,<br>INC.; AMERICAN PROPERTY SERVICES,<br>INC., RENTAL MANAGEMENT, INC., and<br>W.W. MORGAN DEVELOPMENT, INC., | \* <br> \* <br> \* <br> \* <br> \* <br> \* | MOTION TO DISMISS, OR IN<br>THE ALTERNATIVE, TO<br>TRANSFER VENUE |
| Defendants. | \* <br> \* <br> \* | |
| WESLEY W. MORGAN, | \* <br> \* | |
| Third-Party Plaintiff, | \* <br> \* <br> \* | |
| v. | \* <br> \* | |
| BILLY C. VAUGHN, RICHARD ABEL,<br>MARCIA ABEL, and KEYBANK, N.A., | \* <br> \* <br> \* | |
| Third-Party Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Michael and Kathleen Fiegen, first filed a complaint on October 4, 2004, naming Stonegate Meadows, LLC, Wesley Morgan, Billy C. Vaughn, and Keybank National Association as defendants. Doc. 1. Plaintiffs filed a notice of dismissal with regard to Stonegate Meadows, LLC. Doc. 13. After Plaintiffs and Billy C. Vaughn, and Keybank National Association filed a stipulation for dismissal (Doc. 15), this Court entered an Order on April 20, 2005, dismissing Billy C. Vaughn, and Keybank National Association as defendants from the above-entitled case.

On September 15, 2005, Defendant Wesley Morgan filed a Motion to Dismiss, or in the alternative, to Transfer Venue to the United States District Court for the Middle District of

Tennessee pursuant to 29 U.S.C. § 1404(a). (Doc. 32).On November 14, 2005, this Court granted the parties' stipulation, granted the Plaintiffs' motion to amend their complaint and granted Defendant Wesley Morgan's motion to file an amended answer and third-party complaint. Doc. 49. The Plaintiffs filed an amended complaint in which they added as Defendants, American Property Services, Inc., Rental Management, Inc. and W.W. Morgan Development, Inc. (Doc. 52).Defendant Wesley Morgan filed a counterclaim against the Fiegens and a third- party complaint against third-party defendants Billy C. Vaughn, Richard and Marcia Abel and Keybank National Association. Doc. 51.

Defendants American Property Services, Inc., Rental Management, Inc., and W.W. Morgan Development, Inc., filed a joinder in the motion to dismiss, or in the alternative, to transfer venue, and made a special appearance solely to contest personal jurisdiction and venue. Doc. 54. No response has been filed to the joinder motion. Plaintiffs have filed a reply to Wesley Morgan's counterclaim. Doc. 56. No response has been filed to Wesley Morgan's third-party complaint against third-party defendants Billy C. Vaughn, Richard and Marcia Abel, and Keybank National Association. There is no proof of service on file showing that these third-party defendants were served with the third- party complaint.

The dispute in this case arises from Plaintiffs' investment in Stonegate Meadows apartments, which are located in Tennessee. The Amended Complaint (Doc. 52) contains four causes of action. Jurisdiction is based solely on diversity of citizenship pursuant to 28 U.S.C. § 1332. In Count I of the Amended Complaint, Plaintiffs contend that in February of 1999, when Plaintiff Michael Fiegen received financial information regarding Stonegate Meadows, LLC, which was then registered with the Tennessee Secretary of State, neither Stonegate Meadows, LLC, Defendant Wesley Morgan, nor anyone on their behalf complied with the requirements of the South Dakota Securities Act and accompanying regulations. Plaintiffs allege that the investment constituted a security which required filing in the office of the South Dakota Securities Commission.

In Count II, Plaintiffs contend that when Plaintiff Michael Fiegen contributed $250,000 to Stonegate Meadows, LLC, in February 1999, Defendant Morgan provided information that was inadequate, misleading, incomplete and inaccurate. Specifically, Plaintiffs contend that Morgan misrepresented that he would build the Stonegate Meadows apartment for cost, that he would not

charge Stonegate Meadows, LLC, a contractor's fee, and that the waiver of the fee would constitute Defendant Morgan's contribution to Stonegate Meadows, LLC.

In Count III, Plaintiffs allege that Defendant Wes Morgan Construction, Inc., breached the construction contract in building the Stonegate Meadows apartments because of the poor quality of construction. In Count IV, Plaintiffs allege that from February, 2000, to November, 2002, and then from March, 2003, to September, 2003, Defendant Morgan, through his management companies, was negligent and mismanaged the Stonegate Meadows apartments.

Plaintiffs Michael M. Fiegen and Kathleen Fiegen are Lincoln County, South Dakota residents. Defendant Wesley Morgan was a citizen of Ohio, and is now a citizen of Florida. Defendants Wes Morgan Construction, Inc., American Property Services, Inc., and W.W. Morgan Development, Inc., are Ohio Corporations. Although Plaintiffs represent that Defendant Rental Management, Inc., is a Tennessee corporation, Defendants contend that this entity is not known by any of the named defendants, but that Rental Management, LLC, of which Defendant Wesley W. Morgan is a member, is an Ohio limited liability company. Third-party defendant, Billy C. Vaughn, is a resident of Tennessee. Third-party defendants, Richard and Marcia Abel, are now residents of South Dakota but were formerly residents of Nevada. Third-party defendant, Keybank National Association, is a national banking association, with its principal place of business in Ohio.

In Defendant Wesley Morgan's affidavit in support of the motion to dismiss, or in the alternative, to transfer venue, Morgan contends that he has never been a citizen or resident of South Dakota, never owned any real or personal property in South Dakota, and had no business interests in the State. Defendant Wesley Morgan further contends that he never directed any business interest in South Dakota, and except for one trip to South Dakota, has never traveled to South Dakota.

Defendant Morgan contends that the construction, development and management companies of which he is President, or of which he is a member, are all Ohio Corporations or Ohio Limited Liability Companies. Morgan contends that none of these companies have ever owned any real or personal property in South Dakota, had offices or business interests in the State, or transacted business in the State. Plaintiffs do not refute the above facts presented by Wesley Morgan but Michael Fiegen objects to these facts because of "insufficient knowledge of the facts." Doc. 42.

Defendant Morgan contends that he became involved with Billy Vaughn in the business

ventures of a 208- unit apartment complex in Smyrna, Tennessee, and a 137-unit apartment complex in Murfreesboro, Tennessee. Morgan attached as Exhibit 1, an agreement in which he and Vaughn agree to two separate limited liability companies, and agree that Vaughn would locate other potential members. Stonegate Meadows, LLC, of which Plaintiff Michael Fiegen became a member, was a Tennessee limited liability company, organized under the laws of Tennessee, having its principal place of business first in Ohio and later in Tennessee.

Defendant Wesley Morgan, in his affidavit, and with a supporting exhibit of correspondence, contends that Third-party-defendant Billy Vaughn contacted Third-party-defendant Richard Abel, who was at that time from Las Vegas, Nevada, to be a member of either the Stonegate Meadows project in Murfreesboro, Tennessee, or the Fairway Meadows project in Smyrna, Tennessee. Plaintiff Michael Fiegen objected to these fact because of "insufficient knowledge of the facts."

In Paragraph 12 of Morgan's affidavit, Morgan states:

> I also do not recall having any communication with Mr. Fiegen about becoming a member of Stonegate Meadows, LLC. It is my understanding that Mr. Abel is Mr. Fiegen's uncle and that it was Mr. Abel who informed Mr. Fiegen of Stonegate Meadows and provided him with information about the property. I certainly did not. I do not recall having any verbal or written communication with Mr. Fiegen about becoming a member of Stonegate Meadows, LLC, much less what income he could expect to receive from becoming a member. To the best of my recollection, the first time I ever spoke with Mr. Fiegen was on February 15, 1999 when he was party to a conference call wherein Mr. Vaughn and I, as members of Stonegate Meadows, LLC, voted to add him and Mr. Abel as additional members. ... If I did speak with Mr. Fiegen before he became a member, it would have been as a result of a call he placed to me in Ohio, and I would have honestly answered any questions he had and provided my thoughts about the project.

Plaintiff Michael Fiegen responded to the above-referenced paragraph 12 as follows: "I object to paragraph 12 of Morgan's Affidavit in that I had talked to Morgan on at least two (2) prior occasions before February 15, 1999 when Morgan was aggressively trying to convince me to invest in the property." Plaintiff Michael Fiegen contends that there never was a February 15, 1999, conference call, but does not dispute that Abel is his uncle and is the person who informed him of the Stonegate Meadows investment. Plaintiff Michael Fiegen also does not dispute Defendant Wesley Morgan's allegation that Michael Fiegen called Wesley Morgan in Ohio.

Wesley Morgan contends in his affidavit that the members of Stonegate Meadows, LLC, unanimously approved entering into a construction loan and construction contracts with Defendant Wes Morgan Construction, Inc., for the apartments in Tennessee. Stonegate Meadows, LLC, initially hired an independent professional leasing company to lease the apartments that were built in phase 1 of the construction, but this company terminated its arrangement and Defendant American Property Services, Inc., took over the management of the apartments.

The Plaintiffs contend they invested in the Tennessee apartment investment after two telephone calls with Wesley Morgan. The Plaintiffs also maintain minutes and loan documents were sent via overnight delivery to them from Defendant Wesley Morgan. It is undisputed that Defendant Wesley Morgan attended a meeting in South Dakota in November of 2002. The meeting was called by Plaintiff Michael Fiegen after the parties had been in disagreement over numerous management issues.

In the Joinder in the Motion to dismiss, or in the alternative, to transfer venue, the Defendants Wes Morgan Construction, Inc., American Property Services, Inc., Rental Management, Inc., and W.W.Morgan Development, Inc., state that none of these defendants are authorized to conduct business in South Dakota, none have offices in South Dakota, none have ever transacted business in South Dakota, and none have any business interests in South Dakota.. Doc. 54. There is no response to this document which was filed on December 12, 2005.

### ANALYSIS OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." In addition to 28 U.S.C. § 1404(a), Defendants rely upon 28 U.S.C. § 1391(a)(2) which provides that a diversity case may be brought only in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1406(a) provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could be

brought."

A district court has the authority pursuant to 28 U.S.C. § 1406(a) to transfer a case to any district in which it could have been brought, regardless of whether or not the court has personal jurisdiction over the defendants. *See Goldlawr, Inc., v. Heiman*, 369 U.S. 463 (1962); *Thompson v. Ecological Science Corp.*, 421 F.2d 467, 470n.4 (8th Cir. 1970). In light of this principle of law, the Court will first consider the motion to transfer venue to the United States District Court for the Middle District of Tennessee.

In *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995), the Eighth Circuit Court of Appeals upheld the district court's dismissal of an action for improper venue pursuant to 28 U.S.C. § 1391(a)(2). The Eighth Circuit discussed the purpose of 28 U.S.C. § 1391(a)(2) as follows:

> One of the central purposes of statutory venue is to ensure that a defendant is not "haled into a remote district having no real relationship to the dispute." [cite omitted] While the present venue statute was certainly intended to expand the number of venues available to a plaintiff, we are reluctant to impute to Congress an intent to abandon altogether the protection of defendants as a relevant consideration in venue matters. We think it far more likely that by referring to "event or omissions giving rise to the claim," Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff.

70 F.3d at 985.

The apartments, which were the subject of the Plaintiffs' investment are located in Tennessee. The construction of the apartments, which is the subject of the Plaintiffs' breach of contract cause of action, occurred in Tennessee. The management of the apartments, which is the subject of Plaintiffs' negligence cause of action, occurred in Tennessee. Tennessee is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated ."

The Forbearance and Modification Agreement, which is the subject of the Breach of Contract claim in Count VI and Inducement to Breach of Contract claim in Count VII of the Counterclaim and Third-Party Complaint, is a Tennessee contract, and by its terms is to be performed in, and construed under the laws of Tennessee. The Mutual Release and Settlement Agreement, which is the subject of the Fraud and Conspiracy to Defraud claim in Count IX of the

Counterclaim and Third-Party Complaint, provides that the Agreement is a Tennessee contract, which is to be performed in, and construed under the laws of Tennessee. The district courts in Tennessee would be best equipped to apply the laws of the State of Tennessee.

After considering the relevant facts in this case, the "interest of justice" standards of 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a), and the requirements of 28 U.S.C. § 1391(a)(2), this Court has determined that this case should be transferred to the United States District Court for the Middle District of Tennessee. Having made this determination, this Court need not determine the issue of personal jurisdiction. Accordingly,

**IT IS ORDERED :**

(1) That the Motion to Dismiss, or in the alternative, to Transfer Venue, (Doc. 32), is granted to the extent that this case is transferred to the United States District Court for the Middle District of Tennessee; and

(2) That the Clerk is hereby directed to send the record and a certified copy of this Memorandum Opinion and Order to the Clerk of Court for the United States District Court for the Middle District of Tennessee.

Dated this 28th day of March, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)        DEPUTY